| | | |
|---|---|---|
| PAUL S. THOMAS, | ) | |
| DAWN E. THOMAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-01174-RLY-DML |
| | ) | |
| CLARIAN HEALTH PARTNERS, INC. and | ) | |
| IMC CREDIT SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

# Order on Plaintiffs' Second Motion for Time to
## Respond to Clarian's Motion for Summary Judgment

This matter came before the court on the motion (Dkt. 50) by plaintiffs Paul S. Thomas and Dawn E. Thomas (the "Thomases") for a second extension of time, to August 18, 2011, to respond to the motion for summary judgment filed by defendant Clarian Health Partners, Inc. n/k/a University Health ("Clarian") on March 25, 2011. The Thomases' proposed deadline is 28 days after the close of all fact discovery in this case.

This is the second time the Thomases have sought to extend their time until August 18 to respond to Clarian's motion for summary judgment. In their first motion, the Thomases complained generally that they should not have to respond to any summary judgment motion before the close of all fact discovery. As to the discovery they wanted to conduct, the Thomases pointed only to their desire to take a Rule 30(b)(6) deposition of each of the corporate defendants and "perhaps other discovery." The court—noting that parties can file motions for summary judgment at any time—granted the Thomases until June 9, 2011, to file their response (an extension of 45 days).

The Thomases now return to court for more time. They explain, with supporting affidavits, the nature of the discovery they have conducted to date, the discovery they believe is still necessary to respond to Clarian's summary judgment motion, and the efforts they have taken (and are taking) to complete discovery. (*See* Dkt. 50-1, 50-2).

Clarian objects to the Thomases' motion. It contends that the additional discovery described by the Thomases does not fairly go to the issues raised on summary judgment and is being pursued to "fish" for new claims and to delay the inevitable grant of summary judgment to Clarian. The Thomases' complaint alleges that Clarian libeled them in connection with its communications to a debt collector—defendant IMC Credit Services, LLC—to collect invoices for medical services rendered by Clarian to plaintiff Dawn Thomas. The complaint describes three invoices the plaintiffs claim they paid (late) but which Clarian allegedly wrongfully referred to IMC for collection, which adversely affected Ms. Thomas's credit scores, and caused the Thomases' damages in the form of more expensive credit. Clarian's summary judgment motion asserts that all of Clarian's communications with IMC regarding the status of Ms. Thomas's accounts were true and, even if they were not, the communications it had with IMC fall within a qualified privilege. Clarian's motion, in part, relies on its following of its normal business practices in billing Ms. Thomas, referring unpaid bills to IMC for collection, and applying payments to patient accounts.

A theory the plaintiffs are pursuing to oppose Clarian's summary judgment motion concerns Clarian's supposed failure to follow one of its normal business practices with respect to applying payments made by the Thomases on their patient accounts, a policy described as the Credit Balance Resolution Policy. The Policy also may be relevant to counter Clarian's placing blame on the Thomases for using one account number for all their payments to Clarian. The

plaintiffs might not ultimately succeed in demonstrating a genuine issue of material fact because Clarian did not allegedly follow its usual policy. There may simply not be enough substance to call into question the truthfulness of Clarian's communications with IMC regarding the accounts, Clarian's good faith in making those communications even if they were not true, or the application of the qualified privilege to Clarian's and IMC's debt-collector relationship. However, the theory (in the abstract) does not strike the court as so obviously irrelevant to the summary judgment issues to foreclose the plaintiffs from further investigating the Credit Balance Resolution Policy as part of their efforts to oppose Clarian's motion for summary judgment, including Clarian's application of the policy to all patient accounts the Thomases had with Clarian.

It also appears to the court that Clarian has been inappropriately narrow-minded in its duty to cooperate with the plaintiffs regarding discovery. Insisting that the plaintiffs' discovery efforts are not focused on the summary judgment issues (and viewing the case as "quite simple" and needing no discovery, and viewing the plaintiffs as desperate to make the case seem complicated and confusing to get by summary judgment), Clarian has been less than fully cooperative. For example, Clarian viewed the court's prior order extending the Thomases' deadline as somehow limiting the scope of discovery the Thomases are permitted to pursue to something less than that allowed under the general discovery rules. ("The discovery Plaintiffs now seek goes well beyond the scope of the Court's Order"). But the court's prior order did not address discovery relevance issues or any of the Fed. R. Civ. P. 26(b)(2)(C) factors, or purport to apply them to any discovery requests.

Clarian refused to identify and produce a Rule 30(b)(6) designee in response to a proposed deposition notice from the Thomases sent May 23, 2011, based on its belief that the

topics are not relevant to Clarian's summary judgment motion.  Although the timing of the plaintiffs' Rule 30(b)(6) notice (and its follow-up written discovery requests) was such that it probably would have been nearly impossible to arrange the depositions in time for any testimony to be used in opposing Clarian's summary judgment motion by the June 9 deadline, the court is concerned that Clarian refused to cooperate.

That said, the plaintiffs have not diligently pursued the discovery they say they need, and it is those actions that may be the source of Clarian's exasperation.  Clarian's filing of its summary judgment motion should have put a fire at the plaintiffs' feet to expeditiously pursue discovery and develop their theories.  The Thomases must have known that waiting until mid-May 2011 to even conduct more discovery, communicate Rule 30(b)(6) deposition topics, and formulate follow-up written discovery requests jeopardized their ability to file a summary judgment response by June 9.[1]

The court finds, however, that the Thomases have met their obligation under Fed. R. Civ. P. 56(d) to explain, by affidavit, the additional discovery they believe is necessary for their opposition to Clarian's summary judgment motion and why they cannot adequately respond without pursuing more discovery.  The court GRANTS the Thomases until August 18, 2011, to file their response to Clarian's motion for summary judgment.

The Thomases will need to act quickly, however, and choose wisely regarding their discovery desires.  Absent extraordinary circumstances, the court will not further extend the fact discovery deadline or the Thomases' summary judgment response deadline.  Extraordinary

---

[1] Further, that discovery concerning the Policy may be relevant does not mean that every communication Clarian has had (internally or externally) concerning the Policy over the last three years is appropriate discovery.  (*See, e.g.,* plaintiffs' description of deposition topics at Dkt. 50-1).  Other discovery requests by the plaintiffs also appear to the court to be overbroad given the Thomases' delay in focusing on their discovery desires—for example, the performance generally of "any" contract between Clarian and IMC for the last three years.  (*See id.*).

circumstances will not include circumstances that the Thomases created by their delay in focusing on discovery, including waiting until May to seek a range of discovery that might be unreasonably cumulative or too broad reasonably to be produced by Clarian within the remaining time for discovery. This is not a license for Clarian to fall back on its narrow view of its discovery obligations. As always, the court expects the parties to negotiate in good faith and to permit the Thomases the reasonable discovery they need to pursue their theories to adequately oppose Clarian's motion for summary judgment.

## Conclusion

For the foregoing reasons, the plaintiffs' motion (Dkt. 50) for an extension of time to August 18, 2011, to file their response to Clarian's motion for summary judgment is GRANTED.

So ORDERED.

Date: _____06/09/2011_____

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brandi L. Bennett
ICE MILLER LLP
bennett@icemiller.com

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

Michael J. Cork
BAMBERGER, FOREMAN, OSWALD AND
HAHN, LLP
mcork@bamberger.com

David J. Mallon JR
ICE MILLER LLP
mallon@icemiller.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com